# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MONARCH MINERALS, LLC,
on behalf of itself and all others similarly situated,

    Plaintiff,

 v.

CAMINO NATURAL RESOURCES, LLC,

    Defendant.

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Monarch Minerals, LLC ("Plaintiff" or "Monarch"), on behalf of itself and all others similarly situated, brings this Class Action Complaint against Camino Natural Resources, LLC ("Camino" or "Defendant"), and alleges and states:

### SUMMARY OF ACTION

1. Plaintiff brings these claims against Camino concerning Camino's actual, knowing, and willful underpayment or non-payment of royalties on natural gas and constituent products, including natural gas liquids, through improper accounting methods and by failing to account for and pay royalties as required by the applicable agreements and Oklahoma law, as more fully described below.

## PARTIES

2. Monarch is an Oklahoma limited liability company that owns a royalty interest in a Camino-operated well located in Oklahoma.

3. Camino is a limited liability company organized under Delaware law with its principal place of business in Colorado. Camino may be served with process by serving its registered agent, Cogency Global, Inc., 600 17th Street, Suite 1450S, Denver, CO 80202.

4. Camino is in the business of producing and marketing natural gas and constituent products, including natural gas liquids, from Camino's operated oil-and-gas wells in Oklahoma in which the Class and Subclass members hold royalty interests.

## JURISDICTION & VENUE

5. The preceding allegations are incorporated by reference.

6. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the Class and Subclass and Camino are citizens of different states.

7. This Court has personal jurisdiction over Camino because it maintains its principal place of business in Colorado and because it calculates and distributes royalties to the Class and Subclass members in and from Colorado.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

9. The preceding allegations are incorporated by reference.

10. Monarch owns a royalty interest in the Honey Creek 1008 7-18-1MXH well under an oil-and-gas lease dated September 10, 1971, attached as <u>Exhibit 1</u>.

11. Monarch's lease requires that Camino, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas of whatsoever nature or kind (with all its constituents) produced and sold or used off the leased premises, or used in the manufacture of products therefrom, one-eighth (1/8) of the market price at the well for the gas sold, used off the premises, or in the manufacture of products therefrom, said payments to be made monthly.
>
> To pay lessor for gas produced from any oil well and used off the premises, or for the manufacture of casinghead gasoline or dry commercial gas, one-eighth (1/8) of the proceeds, at the mouth of the well, at the prevailing market rate for the gas during which time such gas shall be used, said payments to be made monthly.

12. Under Oklahoma law, Monarch's lease imposes Oklahoma's implied duty to market (the "IDM") upon Camino.

13. Oklahoma's IDM requires Camino to "provide a marketable product available to market", including for natural gas and its constituents. *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK ¶ 20, 954 P.2d 1203, 1208.

14. This means that Camino is precluded from passing along to royalty owners, like Monarch, any costs incurred in making a product marketable, including natural gas and its constituents.

15. Because raw or unprocessed gas must typically undergo certain field processes—such as gathering, compressing dehydrating, treating, and processing,

3

including transportation and fractionation of raw mixed natural gas liquids into marketable purity products ("GCDTP Services")—to make the gas marketable, lessees and operators, like Camino, bear the costs associated with performing such GCDTP Services.

16. Royalty owners whose leases contain the IDM, like Monarch, bear no responsibility for the cost of GCDTP Services required to place natural gas and its constituents in marketable form.

17. The IDM applies unless an oil-and-gas lease expressly says otherwise.

18. If a lessee, like Camino, wants royalty owners to share in GCDTP Services, that can be spelled out in the oil-and-gas lease.

19. Some leases *do* expressly spell out by name certain GCDTP Services that are allowed to be deducted from royalty—these leases are called express-deduction ("ED") leases. Other leases expressly state that a lessee *cannot* take deductions, which are known as express-no-deduction ("END") leases. Plaintiff's proposed class includes IDM and END leases and excludes ED leases.

20. Despite the IDM's requirements and the terms of Monarch's lease, Camino has deducted GCDTP Services from Monarch's royalty payments.

21. Camino has explicitly deducted GCDTP Services costs on Monarch's check stubs and has also deducted GCDTP Services costs, sometimes in-kind, by adjusting the volume, price, or value of Monarch's royalty payments.

22. In addition, Camino owns interests in one or more of the companies that provides GCDTP Services for the natural gas and constituents produced from Plaintiff's and the Class and Subclass members' wells. The GCDTP Services which have resulted in

royalty underpayments to Monarch and the Class and Subclass thus have included affiliated costs for which Oklahoma applies a strict standard.

23. Monarch's lease also requires that Camino pay royalty to Monarch on fuel gas consumed off the lease, which includes gas consumed in a midstream service company's gathering systems, gas plants, and on transmission pipelines.

24. Despite the requirement to pay royalty on fuel used off the lease, Camino has failed to completely compensate Plaintiff on those volumes of gas used off the lease for fuel or otherwise.

25. In addition to the terms of the oil-and-gas leases, OKLA. STAT. tit. 52, § 570.10(C)(4) imposes upon Camino a duty to properly pay royalty and if Camino causes royalty to be paid incorrectly to royalty owners (like Monarch) as operator, Camino is responsible for the underpaid royalty. ("Where royalty proceeds are paid incorrectly as a result of an error or omission, the party whose error or omission caused the incorrect royalty payments shall be liable for the additional royalty proceeds on such production and all resulting costs or damages by the party making the incorrect payment.").

26. Camino's improper royalty payment practices have been applied to Plaintiff and the members of the Class and Subclass.

## CLASS ACTION ALLEGATIONS

27. The preceding allegations are incorporated by reference.

28. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class" and "Subclass"):

**Class:** All persons or entities who are royalty owners in Oklahoma wells where Camino Natural Resources, LLC is or was the operator from January 1, 2019, to the date Class Notice is given. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).

**Subclass:** All persons or entities entitled to share in royalty proceeds payable under any lease that contains an express provision stated that royalty will be paid on gas used off the lease premises.

Excluded from the Class and Subclass are: (1) Defendant, its affiliates, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); (4) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing; (5) royalty owners who have filed and still have pending lawsuits against Defendant for underpayment of royalties; and (6) all persons or entities who are royalty owners under leases that expressly authorize the deduction of the costs gathering, compression, dehydration, treating, processing, transportation, or fractionation.

29. Upon information and belief, absent Class and Subclass members who have been underpaid royalty on gas and its constituents number in the thousands. Camino operates hundreds of oil-and-gas wells in Oklahoma. Thus, the Class is so numerous that joinder of all members is impracticable.

30. The questions of fact and law common to the Class and Subclass include, but are not limited to:

    a. Whether the Class oil-and-gas leases impose the IDM under Oklahoma law;

    b. Whether Camino breached the IDM by deducting GCDTP Services or by underpaying royalty as a result of GCDTP Services;

    c. Whether the Subclass oil-and-gas leases require Camino to pay royalty on gas used off the leases;

    d.    Whether Camino breached the Subclass oil-and-gas leases by failing to properly remit royalty to the Subclass on gas used off the leases;

    e.    Whether Camino's failure to properly pay royalty to the Class and Subclass imposes liability on Camino under OKLA. STAT. tit. 52, § 570.10(C)(4);

    f.    Whether Camino is obligated to pay interest on the underpaid royalty under Oklahoma statute.

31. Plaintiff's claims are typical of the Class and Subclass because each Class and Subclass member has a similar cause of action.

32. Camino treated Plaintiff and the Class and Subclass members in the same way by failing to pay the required royalty on gas and its constituents using a common accounting methodology.

33. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff's interests do not conflict with the interests of the Class and Subclass. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

34. The averments of fact and questions of law in this Complaint are common to the members of the Class and Subclass and predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a.    The questions of law and fact are so numerous across the Class and Subclass that there is no reason why individual members

      of the Class and Subclass would want to control the prosecution of their own claims at their own expense;

  b. To Plaintiff's knowledge, there is not a certified class with the same scope of Class and Subclass membership sought in this Complaint against Camino relating to its failure to properly pay royalty on gas and its constituents as required by law;

  c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

  d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class and Subclass members—not only those who can afford to bring their own actions; and

  e. Absent a class action, Plaintiff and the Class and Subclass members may never fully discover the wrongful acts of Camino, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Camino.

## CAUSES OF ACTION

**I. Breach of Contract**

36. The preceding allegations are incorporated by reference.

37. Plaintiff brings this cause of action on behalf of itself and the Class and Subclass.

38. Plaintiff and the other Class and Subclass members are parties to written, fully executed, oil-and-gas leases.

39. The Class leases impose the IDM on Camino with regard to payment of royalty on gas and its constituents.

40. The Subclass leases impose a duty to pay royalty on gas used as fuel off the lease premises.

8

41. Camino breached the terms of Plaintiff's and the Class and Subclass lease by its actions in underpaying royalty or not paying royalty on all products sold from the gas stream, including as a result of GCDTP Services and the failure to completely compensate Subclass members for gas used as fuel off the lease premises.

42. As a result of Camino's breaches, Plaintiff and the Class and Subclass members have been damaged through underpayment of the actual amounts due.

43. Plaintiff and the Class and Subclass members are entitled to the actual damages caused by Camino's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

## II.   Violation of the Production Revenue Standards Act

44. The preceding allegations are incorporated by reference.

45. Under OKLA. STAT. tit. 52, § 570.10(C)(4), Camino, as operator remitting royalty, is liable for royalties that are paid incorrectly to Plaintiff and the Class and Subclass, including interest under the PRSA at 12%. OKLA. STAT. tit. 52, § 570.10(D)(1).

46. Camino has failed to properly remit royalties to the Class and Subclass, and with actual, knowing, and willful intent to deceive and deprive Plaintiff and the Class and Subclass of both proceeds and interest knowing that Plaintiff and the Class and Subclass were legally entitled thereto.  OKLA. STAT. tit. 52, § 903.

47. Camino acted with reckless disregard and/or intentionally and with malice in underpaying royalty proceeds to Plaintiff and the Class and Subclass. OKLA. STAT. tit. 23, § 9.1.

9

48. Plaintiff and the Class and Subclass members are entitled to the actual damages caused by Camino's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages in the amount of actual damages or double actual damages. OKLA. STAT. tit. 23, § 9.1 et seq.

## JURY DEMAND

49. Under Fed. R. Civ. P. 28, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Camino to pay Plaintiff and the Class and Subclass members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Camino's breaches and unlawful conduct, including, without limitation, compound interest under Oklahoma law;

3. An order requiring Camino to properly pay royalty to the Class and Subclass in the future, as required by law;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Camino's wrongful acts, as alleged in this Complaint;

5. An order requiring Camino to pay the Class and Subclass's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully submitted,

*/s/Rex A. Sharp*
Rex A. Sharp
Scott B. Goodger
Brandon C. Landt
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0505
rsharp@midwest-law.com
sgoodger@midwest-law.com
blandt@midwest-law.com

Charles T. Schimmel
SHARP LAW, LLP
1600 Broadway, Suite 1070
Denver, CO 80202
Phone: (913) 901-0505
cschimmel@midwest-law.com

**ATTORNEYS FOR PLAINTIFF**

11